In the Matter of Revocation of Restaurant Liquor License No. R-149 and Amusement Permit No. AP-149, Issued to Firenze Tavern Corporation et al. Firenze Tavern Corporation, Appellant.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Gary A. Friedberg*, with him *Barry Goldstein*, and *Modell, Pincus, Hahn & Reich*, for appellant.

*Kenneth W. Makowski*, Acting Chief Counsel, with him *J. Leonard Langan*, Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 4, 1979:

Firenze Tavern Corporation has appealed from an order of the Court of Common Pleas of Philadelphia County upholding, after a de novo hearing, an order of the Pennsylvania Liquor Control Board suspending the appellant's restaurant liquor license for ten days. The offense charged was that of permitting persons on the licensed premises to solicit or entice others for the purpose of the purchase of beverages.

The first point raised by the appellant is that there is a fatal inconsistency between Section 493(25) of the Liquor Code,[1] which prohibits licensees from *employing or permitting the employment* of females for the purpose of enticing customers to drink or buy drinks, and the regulation of the LCB[2] under which it was charged, which provides that no licensee *may permit* any person to entice another person for the purpose of the purchase of drink. The exact point in issue was decided against the appellant's position in *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959).

The appellant's second point seems to be that the proofs were insufficient to support the lower court's inference of fact that the appellant's bartender knew that females were soliciting drinks in the appellant's bar. We disagree. No purpose would be served by repeating the investigating officer's testimony accurately described in Judge ABRAHAM GAFNI's able opinion for the court below, to which reference may be had. The evidence clearly supports the inference that the appellant's bartender knew that women were soliciting drinks.

The appellant finally says the hearing judge erred in admitting the investigating officer's account of what the person who allegedly asked him to buy her drinks said to him at the bar in the presence of the bartender. The appellant says that this was inadmissible hearsay. If the Judge ruled incorrectly in this regard the error was harmless because the conversation objected to, as it developed, was without relevance to the offense charged. The officer's testimony that the woman asked him to buy her drinks went into the record at another place without objection.

Order affirmed.

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(25).
[2] 40 Pa. Code §13.101.

ORDER

AND NOW, this 4th day of May, 1979, the order below filed April 13, 1978 is affirmed.